UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHANNON O'BRIEN, a single woman,

Plaintiff,

v.

CITY OF TACOMA, a municipal corporation; MICHAEL TORRES, Tacoma Police Department officer; DAVID FISCHER, Tacoma Police Department officer,

Defendants.

Case No. C04-5458FDB

ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEY'S FEES IN PART

This cause of action arose when Plaintiff alleged Section 1983 violations in connection with her arrest after a Walgreen's pharmacist advised police of an attempt to fill a potentially forged prescription. Judgment was granted in favor of Defendants as follows: First, judicial estoppel applies, because Plaintiff O'Brien asserted in her state court case that Walgreen's was solely responsible for her arrest and she signed a Confirmation of Joinder confirming that no additional parties were to be named nor additional claims to be asserted, and she ultimately settled her claim with Walgreen's for a substantial sum. Second, the officers had probable cause to arrest O'Brien because the pharmacist and the pharmacist technician both stated that Dr. Spence had not issued the prescription, and it was reasonable under all the circumstances for the officers to believe these

ORDER - 1

individuals and arrest O'Brien for attempting to obtain a controlled substance by means of a forged prescription. Officers Torres and Fischer, therefore, are entitled to judgment based on qualified immunity. There is no evidence on which to base a prima facie case of municipal liability against the City of Tacoma under Section 1983. Finally, Plaintiff O'Brien's negligence claims against all the parties fail because they are barred by the public duty doctrine and Plaintiff has failed to establish that any of the exceptions to the doctrine apply. Accordingly, Defendants are entitled to judgment on all claims.

Defendants seek attorney's fees pursuant to 42 U.S.C. § 1988, which provides that the Court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs. The standard is set forth in *Christianburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412 (1978), where the Court stated an attorney's fee aware is appropriate where the plaintiff's claim was "frivolous, unreasonable, or without foundation, or the plaintiff continued to litigate after it clearly became so." *Id.* at 422. The Court explained that

> . . . the term "meritless" is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case, and that the term "vexatious" in no way implies that the plaintiff's subjective bad faith is necessary prerequisite to a fee award against him.

*Id.* at 421. "[A] district court should not refuse to award attorney's fees to a prevailing defendant ... solely on the ground of the plaintiff's financial situation." *Patton v. County of Kings*, 857 F.2d 1379, 1382 (9th Cir. 1988).

There was little to support Plaintiff's claims in this case. Plaintiff's claims were meritless within the meaning of *Christianburg*. In view of Plaintiff's recovery and release in her case against Walgreen's, and in persisting with this case with a dearth of factual and legal support, the case may be called vexatious as well. In response, Plaintiff reargues her position and submits a declaration that she does not work and cannot hope to ever hold gainful employment.

This case presents a situation where an award of attorney's fees is appropriate, although the

ORDER - 2

Court declines to award the full amount sought under the circumstances. Defendants seek $14,829.75 in attorney's fees, and have submitted declarations in support of the hourly rate, which is average for this area, and well below the average rate in Seattle. Defendants' counsel also avers that she billed only for time spent on substantive matters, such as discovery and motions, and did not record time spent on general correspondence, short telephone conferences, and similar activities. Thus, 76.05 hours were submitted from July 19, 2004 and September 9, 2005. The Court will exercise its discretion and award Defendant $7,000.00 in attorney's fees.

NOW, THEREFORE, IT IS ORDERED: Defendants' Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988 [Dkt. # 41] is GRANTED in part and Defendants are awarded $7,000.00 in attorney's fees.

DATED this 14th day of October, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3